**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.

RICHARD T. MAY, d/b/a All Freight
Transportation, Incorporated, d/b/a
Universal Freight Carriers, d/b/a
Universal Freight Consolidators,
Incorporated, d/b/a Carolina Exempt
Transportation,
               *Defendant-Appellant.*

No. 02-4989

UNITED STATES OF AMERICA,
               *Plaintiff-Appellee,*

v.

JAMES D. HELMS, d/b/a C&H
Contractors,
               *Defendant-Appellant.*

No. 02-5010

Appeals from the United States District Court
for the Western District of North Carolina, at Charlotte.
Charles H. Haden, II, District Judge.
(CR-01-47)

Submitted: December 3, 2003

Decided: February 12, 2004

Before LUTTIG, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Noell P. Tin, Scott H. Gsell, Charlotte, North Carolina, for Appellants. Robert J. Conrad, Jr., United States Attorney, Joshua B. Howard, Michael E. Savage, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Richard May and James Helms appeal their convictions for wire fraud, conspiracy to commit wire fraud, and money laundering in violation of 18 U.S.C. §§ 1343, 1956 (2000). We affirm.

May and Helms first assert that the district court erred when it excluded as hearsay evidence of lawsuits filed by May in 1997 to collect money owed to All Freight Transportation. We review a district court's evidentiary rulings for abuse of discretion. *United States v. Godwin*, 272 F.3d 659, 670 (4th Cir. 2001), *cert. denied*, 535 U.S. 1069 (2002). An abuse of discretion occurs only if the ruling was arbitrary or irrational. *United States v. Achiekwelu*, 112 F.3d 747, 753 (4th Cir. 1997). If there is an abuse of discretion, the court's evidentiary ruling is subject to further review for harmless error. Fed. R. Crim. P. 52(a). The error will be found harmless if it did not affect the defendant's substantial rights, or if this Court concludes, "'without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error.'" *United States v. Nyman*, 649 F.2d 208, 211-12 (4th Cir. 1980) (quoting *Kotteakos v. United States*, 328 U.S. 750, 765 (1946)). We conclude that the district court did not

abuse its discretion when it excluded evidence of these lawsuits. Furthermore, exclusion of this evidence did not violate May and Helms's constitutional rights.

May and Helms next assert that the district court abused its discretion when it permitted a witness to testify about three ultimate issues of fact. Testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Fed. R. Evid. 704(a). We conclude the district court did not abuse its discretion in permitting the witness to testify. The district court also sufficiently instructed the jury as to how the witness's testimony should be used and thereby averted any prejudice to the defendants.

May and Helms's final argument is that there was insufficient evidence to sustain their convictions for conspiracy. Upon review of the record, we conclude there was substantial evidence that May, Helms, and co-conspirator John Lane, knew the fraudulent purpose of their businesses, even though there was no formal agreement to defraud. There was direct testimony at trial that both May and Helms characterized their businesses as scams. Furthermore, May and Helms deliberately disguised May's control of Universal Freight Consolidators so that truck drivers would not recognize that they were dealing with the same people who had previously defrauded them.

For the foregoing reasons, we affirm May and Helms's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*